UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

CELUNNIOUS JONES JR ,                                    Case No: 8-10-77783-AST
                                                         Chapter 7
                                    Debtor.
--------------------------------------------------------X
ARIZONA CENTRAL CREDIT UNION,                            Adv. Pro. No.: 8-10-9033-AST

                                    Plaintiff,

        - against -


 CELUNNIOUS JONES JR.,

                                    Defendant.
--------------------------------------------------------X

## DECISION AND ORDER GRANTING IN PART AND
## DENYING IN PART MOTION TO DISMISS ADVERSARY PROCEEDING

        Pending before this Court is the motion of Defendant, Celunnious Jones Jr.  ("Jones" or

the "Debtor") seeking to dismiss the Complaint of Plaintiff, Arizona Central Credit Union

("ACCU" or the "Plaintiff"), for failure to state a claim upon which relief may be granted,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012

of the Federal Rules of Bankruptcy Procedure (the "Motion"). [dkt item 3]  Plaintiff filed an

Objection to the Motion (the "Opposition") [dkt item 8], along with affidavits in support of the

Objection (the "Supporting Affidavits"). [dkt items 6, 7]

## Background

        The instant adversary proceeding was commenced by the filing of a Complaint on

December 27, 2010.  In the Complaint, Plaintiff alleges four causes of action, all arising out of

Plaintiff having allegedly financed Debtor's purchase of two high-end vehicles.   Plaintiff alleges that it advanced loan proceeds in the amount of $50,000.00 to Debtor acting as "Lenz Motors" for the purchase of a 2006 Chevy Corvette VIN #1G1YY26U665108192, pursuant to a Loan and Security Agreement allegedly executed by Debtor (the "Corvette Loan & Security Agreement"), and that it advanced loan proceeds in the amount of $52,000.00 to Debtor acting as "Lenz Motors" for the purchase of a 2006 CLS 500 Mercedes Benz VIN #WDDDJ75X56A059938, pursuant to a Loan and Security Agreement allegedly executed by Debtor's employee at his direction and control (the  "Mercedes Loan & Security Agreement").  Plaintiff further alleges that, as the result of "flooring agreements"[1] Debtor had with Chevrolet Corporation and Mercedes Corporation, Debtor, acting as Lenz Motors, pledged the Corvette and Mercedes as security for loans from Chevrolet Corporation and Mercedes Corporation, respectively, and, thus, Debtor obtained double-financing for the Corvette and Mercedes.  Plaintiff further alleges that Debtor converted the loan proceeds allegedly advanced by Plaintiff for his sole and personal benefit.

Plaintiff further alleges that, after learning of these events, it sued Debtor and others in a civil action filed in the Superior Court of Maricopa County, Arizona, Case No. CV2008-024075 (the "Maricopa County Suit"), and, on or about August 26, 2009, a default judgment ("Default Judgment") was entered against Debtor and others in the Maricopa County Suit.  Plaintiff further alleges that such Default Judgment awarded Plaintiff relief as against Debtor as follows: (a) for the contract deficiency balance on the Corvette Loan & Security Agreement plus interest as set

---

[1]   These are also sometimes referred to as floorplan finance agreements, under which a car finance company will advance funds to a car dealership for the purchase of show room or dealership inventory.

forth therein; (b) for the contract deficiency balance on the Mercedes Loan & Security Agreement plus interest as set forth therein; (c) for punitive damages for fraud and breach of fiduciary duty relating to the Corvette Loan & Security Agreement and loan proceeds disbursed thereunder; (d) for punitive damages for fraud and breach of fiduciary duty relating to the Mercedes Loan & Security Agreement and loan proceeds disbursed thereunder; and (e) for attorneys' fees and costs associated with the state court litigation and collection of amounts awarded therein.

On October 1, 2010, Debtor filed this bankruptcy case. On December 27, 2010, Plaintiff timely filed this adversary proceeding pursuant to Section 523 of the Bankruptcy Code.

In three of its causes of action in this adversary, Plaintiff seeks a determination that the contract debts allegedly due and owing to Plaintiff from Debtor are nondischargeable as follows: under Count I, as a debt for money or an extension or renewal or refinancing of credit obtained by false pretenses, false representation and/or actual fraud pursuant to 11 U.S.C. §§ 523(a)(2)(A); under Count II, as a debt obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny pursuant to 11 U.S.C. § 523(a)(4); under Count III, as a debt for willful and malicious injury by the Debtor to another entity or to the property of another entity pursuant to 11 U.S.C. § 523(a)(6). Finally, in its Count IV, Plaintiff alleges that the punitive damages awarded as part of the Default Judgment for fraud and breach of fiduciary duty relating to the Mercedes Loan & Security Agreement and loan proceeds disbursed thereunder constitutes a debt for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit that is not compensation for actual pecuniary loss and is entitled to exception from discharge pursuant to 11 U.S.C. § 523(a)(7).

Debtor did not file an answer to the Complaint.  Instead, on January 3,  2011, Debtor filed

the Motion.  As noted, Plaintiff filed its Opposition and supporting affidavits.[2]

<u>Legal Analysis</u>

Debtor bases his request for dismissal of this adversary proceeding on Rule 12(b)(6) of

the Federal Rules of Civil Procedure, which is incorporated by Rule 7012 of the Federal Rules of

Bankruptcy Procedure.  The United States Supreme Court has twice recently addressed Rule

12(b) pleading issues.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 546 (2007).  This Court has also addressed same. *See In re Coletta*, 391

B.R. 691, 693 (Bankr. E.D.N.Y. 2008).

In *Twombly*, Supreme Court noted that the standard for determination of a Rule 12(b)(6)

motion that had been routinely recited from the fifty year old Supreme Court decision in *Conley*

*v. Gibson*, 355 U.S. 41, 43-44 (1957), had been abrogated.  The standard is no longer that "a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 46 (1957).  Rather, now, the factual allegations in a complaint

must satisfy a flexible plausibility standard.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which,

when  accepted as true, is adequate to "state a claim to relief that is plausible on its face." *Iqbal*,

129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] T his Court is not converting the Motion to a motion for summary judgment; therefore, it is not considering the Plaintiff's supporting affidavits, as such are outside of the pleading under consideration, being the Complaint. *See* FED. R. CIV. P.  12(d), as incorporated by FED. R. BANKR. P. 7012.

liable for the misconduct alleged. *Iqbal*, 129 S.Ct. 1949; *Twombly*, 550 U.S. at 556.  The

plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to

create liability.  *See id.*  Where a complaint pleads facts that are "merely consistent with" a

defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement

to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557 (internal citations

omitted)).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule

12(b)(6) motion, a court is to accept as true all factual allegations in the Complaint and draw all

inferences in favor of the plaintiff. *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 555-56; *see

also Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006). However, as the Supreme

Court stated in *Iqbal*:

> Threadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice. (Although for the purposes of a motion
> to dismiss we must take all of the factual allegations in the complaint as true,
> we 'are not bound to accept as true a legal conclusion couched as a factual
> allegation'). Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not unlock
> the doors of discovery for a plaintiff armed with nothing more than
> conclusions. Second, only a complaint that states a plausible claim for relief
> survives a motion to dismiss. Determining whether a complaint states a
> plausible claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to
> relief.'

*Iqbal*, 129 S.Ct. at 1949-50 (citing Fed. R. Civ. P. 8(a)(2)(internal citations omitted)).

Here, with the exception of the claim asserted under 11 U.S.C. § 523(a)(7), Plaintiff has

met its *Twombly* burden by pleading facts which would allow the Court to draw the reasonable

inference that Debtor is liable for the misconduct alleged.  This inference may be drawn without determining whether Debtor would or could be subject to claim or issue preclusion as a result of the Default Judgment, as asserted by Plaintiff.  This Court does not and need not reach the preclusive effect, if any, of the Default Judgment on this Rule 12(b)(6) Motion, as Plaintiff has pleaded the underlying operative facts which could give rise to a determination of non-dischargeability under Sections 523(a)(2)(A), (a)(4) and/or (a)(6).

However, Plaintiff has not met its *Twombly* flexible plausibility standard of pleading as to the claim asserted under Section 523(a)(7).  Plaintiff has failed to plead factual content that would allow this Court to draw the reasonable inference that Plaintiff is a governmental unit to which Debtor could be liable for an award of a fine, penalty, or forfeiture that is not compensation for actual pecuniary loss, as required to be alleged under Section 523(a)(7). *See Iqbal*, 129 S.Ct. 1949.  More particularly, Plaintiff has only stated in its pleadings that it is a credit union but has failed to plead that or why it is a governmental unit within the contemplation of Section 523(a)(7), and why punitive damages in this setting would not be compensation for actual pecuniary loss.[3]

Based on the foregoing, it is hereby

**ORDERED**, that the Motion is DENIED in seeking dismissal of Counts I, II, and III; and it is further

**ORDERED**, that Plaintiff shall file an Amended Complaint within twenty-one (21) days from the entry of this Order which, in addition to restating its claims under Counts I, II, and III, shall specifically address the factual predicate for its Count IV claim under Section 523(a)(7);

---

[3] This Court need not and does not reach whether punitive damages may be recoverable and nondischargeable under any other provision of § 523.

Decision - p. 6

and it is further

  **ORDERED** that Debtor shall file an  answer to the Amended Complaint within fourteen

(14) days from service of the Amended Complaint thereof upon counsel for Debtor.



**Dated: April 20, 2011**
   **Central Islip, New York**
Decision - p. 7

       **Alan S. Trust**
     **United States Bankruptcy Judge**